UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | Case No. 1:12-cr-00073-jgm-1 |
| | : | |
| OMAR RODRIGUEZ | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

RULING ON DEFENDANT'S MOTION TO
DEFER ASSESSMENT AND RESTITUTION PAYMENTS
(Doc. 107)

    Defendant Omar Rodriguez, a federal inmate proceeding pro se, moves to defer the assessment and restitution payments required under his sentence.  (Doc. 107.)  He argues he does not have the necessary financial resources to pay the assessment fees or restitution at this time and requests the Court defer the payments until he is released from prison and placed on supervised release where he will have the opportunity to obtain meaningful employment.  Id. at 2.  The Government has filed an opposition, asserting he sets forth no legal basis for altering the payments and arguing the amounts were payable in full at the time of sentencing.  (Doc. 108.)  In response, Rodriguez explains his medical treatment has prevented him from working.  (Doc. 109.)  In the fall of 2014, at the time the motion was briefed, the Court deferred ruling on the motion until the clerk of the court of appeals issued the mandate because it lacked jurisdiction as Rodriguez had appealed his sentence.  See Doc. 110.

    Rodriguez is serving a 262-month sentence for kidnapping and use of a firearm during a crime of violence.  (Doc. 97 (Judgment).)  At his December 2013 sentencing, the Court ordered Rodriguez to pay a special assessment of $200 ($100 for each count of conviction) and restitution in the amount of $6,969 to victims, for a total of $7,169 due immediately.  Rodriguez appealed his

conviction (Doc. 98) and, ultimately, on November 25, 2015, the judgment was affirmed.  (Doc. 128 (Mandate).)

"Special assessments, fines, and restitution orders imposed at sentencing, though referenced among the many conditions of probation, are nevertheless fully independent criminal penalties." United States v. Ionia Mgmt., S.A., 537 F. Supp. 2d 321, 322 (D. Conn. 2008).  Rodriguez has failed to provide authority that this Court has power to modify his sentence by deferring his assessment and restitution payments.  During the sentencing hearing, the Court ordered the restitution, "due immediately," and imposed a special assessment of $200, also "due immediately."  (Doc. 108-1 (Sent'g Hr'g Tr. at 91-93).)  Rodriguez points out the Court noted his inability to pay a fine, and therefore waived all fines.  (Doc. 107-2 (Sent'g Hr'g Tr. at 91).)  His argument the Court failed to consider his ability to pay in connection with his restitution obligation is unavailing because the interest requirement for his restitution was waived, in light of his circumstances.  See Doc. 97 at 5.

Restitution may not be modified simply because it "may later be implicated as a condition of supervised release."  United States v. Akinrosotu, 637 F.3d 165, 168 (2d Cir. 2011).  The Court ordered "[p]ayment of any outstanding restitution obligation shall become a condition of supervised release."  (Doc. 107-2.)  Rodgiguez did not cite 18 U.S.C. § 3583(e)(2), however, "pro se submissions must be construed liberally and interpreted to raise the strongest arguments that they suggest."  Akinrosotu, 637 F.3d at 167 (internal quotation marks and citation marks omitted). Section 3583(e)(2) provides, in relevant part, the district court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release."  18 U.S.C. § 3583(e)(2).  Even assuming the Court has authority to modify Rodriguez's restitution obligation under § 3583(e)(2), it could only do so at the commencement of his supervised release.  See Akinrosotu, 637 F.3d at 168.

Rodriguez also did not cite 18 U.S.C. § 3664(k), which permits a court to adjust a restitution order's payment schedule "as the interests of justice require" due to a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k).  Rodriguez makes no showing, nor can he, that his circumstances have materially changed since sentencing.  The Court was fully aware of his health issues and recommended he be designated to serve his sentence at Federal Medical Center Devens, where Rodriguez is currently incarcerated and receiving treatment.

Because special assessment obligations expire five years from the date of judgment, see 18 U.S.C. § 3013(c), granting Rodriguez's requested relief of deferring payment until he is released from prison would allow him to avoid the obligation given his lengthy sentence--an outcome he asserts he does not seek.  See Doc. 107 (stating "Defendant fully intends to take care of the Court assessment fees").

Accordingly, as Rodriguez has provided no authority under which the Court may defer payment of his assessment and restitution obligations, and the Court is aware of none, the motion (Doc. 107) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of December, 2015.

/s/ J. Garvan Murtha_____
Hon. J. Garvan Murtha
United States District Judge