UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Case No. 1:12-cr-00073-jgm-1 |
| : | |
| OMAR RODRIGUEZ : | |
| : | |
| Defendant.  : | |

RULING ON DEFENDANT'S MOTION TO APPOINT COUNSEL
(Doc. 132)

Defendant Omar Rodriguez, a federal inmate proceeding pro se, has filed a motion to appoint counsel so he may proceed with claims of constitutional violations under 18 U.S.C. § 2255. (Doc. 132.)  Rodriguez is serving a 262-month sentence for kidnapping and use of a firearm during a crime of violence.  (Doc. 97 (Judgment).)  Rodriguez appealed his conviction (Doc. 98) and, ultimately, on November 25, 2015, the judgment was affirmed.  (Doc. 128 (Mandate).)  For the reasons set forth below, the motion is denied.

There is no constitutional right to representation by counsel in habeas proceedings, United States v. Doe, 365 F.3d 150, 155 (2d Cir. 2004); Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993), unless the Court determines an evidentiary hearing is necessary, Graham v. Portuondo, 506 F.3d 105, 107 (2d Cir. 2007); see also Federal Rules Governing § 2255 Proceedings Rule 8(c).  Under the Criminal Justice Act, a court may exercise its discretion, however, to appoint counsel where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing if the Court determines the interests of justice so require, representation may be provided for any financially eligible person seeking relief under 28 U.S.C. § 2255).  The threshold inquiry for appointment of counsel requires the Court evaluate the apparent merits of the pro se party's claim.  Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Only if the Court determines the plaintiff's position appears to

have some chance of success should the court consider other criteria, <u>Hodge v. Police Officers</u>, 802 F.2d 58, 60 (2d Cir. 1986), including: ability to obtain representation independently; ability to handle the case without assistance in the light of the required factual investigation; complexity of legal issues; and need for expertly conducted cross-examination to test veracity.  <u>Cooper</u>, 877 F.2d at 172.

  The Court is aware of Rodriguez's health issues.  At this preliminary stage, however, it does not appear the petition will have sufficient merit to warrant the appointment of counsel.  Further, as no petition has yet been filed, the Court cannot determine whether an evidentiary hearing will be necessary.  Accordingly, the motion to appoint counsel (Doc. 132) is DENIED.

  SO ORDERED.

  Dated at Brattleboro, in the District of Vermont, this 15th day of June, 2016.

            /s/ J. Garvan Murtha
            Honorable J. Garvan Murtha
            United States District Judge